**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONALD MEYER,

        Plaintiff,

v.                                                        Case No. 6:15-cv-399-Orl-37TBS

CONCERT LEGACY ALAQUA LCC,

        Defendant.

**ORDER**

This cause is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 16), filed July 6, 2015.

**BACKGROUND**

In this Fair Labor Standards Act ("FLSA") action, Plaintiff, a former "Men's Locker Room Manager," claims unpaid overtime wages from Defendant, his former employer. (Doc. 1, ¶¶ 10, 21–30.) The parties now jointly move for approval of a settlement agreement and for dismissal of this action with prejudice. (Doc. 16.)

Upon consideration, the Court finds that the motion is due to be granted.

**STANDARDS**

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights

under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## DISCUSSION

After review of the parties' briefing (Doc. 16) and their settlement agreement (Doc. 16-1), the Court finds that the settlement agreement is fair and reasonable, as *Lynn's Food* requires. *See* 679 F.2d at 1355. Briefly, the settlement agreement reflects a fair and reasonable resolution of a bona fide dispute over, *inter alia*, Defendant's potential exposure to an FLSA successor-liability claim. (*See* Doc. 16, pp. 1–2, 4–5); *see also Cuervo v. Airport Servs., Inc.*, 984 F. Supp. 2d 1333, 1337 (S.D. Fla. 2013) (observing that the Eleventh Circuit has not yet decided whether successor liability exists under the FLSA). Likewise, Plaintiff's counsel's $9,000.00 attorney's fee is reasonable, as the parties stipulate that it was "agreed upon separately, without regard to the amount paid to Plaintiff." (*Id.* at 6 (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228

(M.D. Fla. 2009)).) Finally, the settlement agreement does not contain any impermissible confidentiality, non-disparagement, non-cooperation, or general-release provisions. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (disapproving of such provisions); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (same). The settlement agreement thus comports with the requirements of *Lynn's Food* and is therefore due to be approved.[1]

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Approval of Settlement (Doc. 16) is **GRANTED**.

2. FLSA Settlement Agreement and Limited Release (Doc. 16-1) is **APPROVED**.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate all deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

---

[1] The Court commends the parties for amicably resolving their dispute in compliance with the *Lynn's Food* fairness requirements.

Counsel of Record